[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14241

Non-Argument Calendar

_____

NATHAN LEON ROBERTS,
Sui Juris

                                        Plaintiff-Appellant,

*versus*

FREEDOM MORTGAGE CORPORATION,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:21-cv-00232-RWS

_____

Before WILSON, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Nathan Roberts, *pro se*, appeals the district court's order adopting the recommendation of a magistrate judge and dismissing his amended civil complaint against Freedom Mortgage Corporation ("Freedom Mortgage") with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6). On appeal, Roberts makes no argument in his appellate brief as to the substantive grounds for the dismissal of his complaint. Rather, he raises the same arguments that he presented in his objections to the magistrate judge's report and recommendation ("R&R"), arguing that the magistrate judge acted without legal authority in his case, and that Freedom Mortgage's counsel acted without authority and engaged in the unauthorized practice of law. After review, we affirm.

## I.    FACTUAL    BACKGROUND    &    PROCEDURAL HISTORY

In September 2021, Roberts filed a *pro se* civil complaint against Freedom Mortgage in Georgia state court, which Freedom Mortgage removed to federal court. In his initial complaint, Roberts alleged that Freedom Mortgage was not a valid debt collector or creditor over his residential property and that Freedom Mortgage had violated the Fair Debt Collection Practices Act ("FDCPA").

Freedom Mortgage, through counsel Matthew T. Covell, moved to dismiss the complaint under Rule 12(b)(6), contending that Roberts failed to state a claim upon which relief could be granted. In response, Roberts moved the district court to "deny Matthew T. Covell's motion to dismiss," arguing that Freedom Mortgage's attorney's legal arguments were insufficient to support its motion to dismiss. Freedom Mortgage replied and argued that it was not relying on any statements of counsel, but rather on the alleged facts, as pled in Roberts's complaint and the applicable laws.

Roberts then moved the district court to take judicial notice of Covell as an "impersonator" because Covell was filing documents on Freedom Mortgage's behalf that were solely authored by Covell and did not contain information that could be substantiated by firsthand knowledge. Roberts also moved to disqualify Covell as Freedom Mortgage's counsel. In this motion, he argued that he had given Covell 14 days to rebut his allegations that Covell was an "impersonator," and his failure to do so resulted in a tacit admission of the acts alleged.

In August 2022, the magistrate judge entered a R&R denying Roberts's motion to disqualify and recommending that Freedom Mortgage's motion to dismiss be granted and that Roberts's complaint should be dismissed with leave to amend. As to Roberts's motion to disqualify Covell, the magistrate judge found that such motion was not supported by law or fact and denied the motion.

As to the motion to dismiss, the magistrate judge recommended that the motion be granted. However, the magistrate judge determined that, in consideration of Roberts's *pro se* status, it was appropriate to allow Roberts the opportunity to amend. The magistrate judge cautioned Roberts that, in his amended complaint, he should allege each of his separate causes of action in separately numbered counts, each of which should assert a single claim for relief, and that each count should clearly set forth the specific facts underlying each claim and explain the basis for each cause of action.

Before the district court could issue a final order regarding the August 2022 R&R, Roberts filed an amended complaint against Freedom Mortgage. In Counts 1 through 4 and Counts 6 through 7, Roberts made varying arguments asserting that Freedom Mortgage did not have standing to require him to pay his debts. Then, in Count 5, Roberts alleged that Freedom Mortgage violated the FDCPA by creating and furnishing "deceptive forms" showing that he owed them a debt.

Freedom Mortgage again moved to dismiss the amended complaint under Rule 12(b)(6). In the motion, it argued that Roberts's complaint should be dismissed with prejudice because the amended complaint still failed to set forth specific supported facts underlying each claim and failed to explain the basis for each cause of action.

On August 29, 2022, the district court approved and adopted the August 2022 R&R, granting Freedom Mortgage's first motion

to dismiss and dismissing Roberts's original complaint. The district court further stated that Roberts's amended complaint, as contemplated by the magistrate judge's August 2022 R&R, was proper and accepted by the court, notwithstanding its filing prior to the court's decision to adopt the R&R, and was the operative pleading moving forward. The order noted that all pretrial proceedings would remain before the magistrate judge.

Thereafter, Roberts moved in opposition to Freedom Mortgage's motion to dismiss his amended complaint. He contended that he adequately stated claims upon which relief could be granted for each of his counts. He also argued that his amended complaint should not be dismissed with prejudice due to his *pro se* status and because he set forth specific supporting facts for each count that established the grounds for each count.

Then, between September and October 2022, Roberts filed seven motions attempting to disqualify Covell as Freedom Mortgage's attorney. Although difficult to decipher, in these motions, he made a variety of arguments centering on his belief that Covell could not transact business in the state of Georgia or represent Freedom Mortgage and that he was not registered with the state bar. The magistrate judge denied the first motion in this series of motions, concluding that it was frivolous because Covell was an active member in good standing with the State Bar of Georgia, was admitted to the district court's bar, and was authorized to file documents in the current case.

6                          Opinion of the Court                          22-14241

Then, in November 2022, the magistrate judge issued an R&R addressing Roberts's amended complaint. The magistrate judge first denied Roberts's six pending motions challenging Covell's representation of Freedom Mortgage as factually and legally meritless, reiterating its prior findings on the matter. Then, as to Freedom Mortgage's motion to dismiss the amended complaint, the magistrate judge recommended that the motion be granted because Roberts failed to state a claim upon relief could be granted on all counts. The magistrate judge also recommended that the amended complaint be denied with prejudice, finding that Roberts had been given a chance to amend the complaint with the benefit of instructions from the court on how to properly plead his case, yet failed to do so, and that nothing in the amended complaint suggested that giving Roberts another opportunity to amend would yield viable claims.

The magistrate judge then ordered service of the R&R which instructed the parties that, pursuant to 28 U.S.C. § 636(b)(1), each party had fourteen days to file written objections, and that if no objections were filed, the R&R could be adopted as the opinion and order of the district court. The magistrate judge also warned that, should no objections be made, this Court, on appeal, would deem waived any challenge to factual and legal findings, subject to interests of justice plain error review.

Roberts filed two sets of objections to the November 2022 R&R. In his first set of objections, he did not address the magistrate judge's findings regarding the dismissal of his amended

complaint. Instead, he challenged the magistrate judge's denial of his motions to disqualify Covell. He also argued that the magistrate judge acted without authority and challenged the magistrate judge's ability to "transact business" in the state of Georgia. In his second set of objections, Roberts reiterated his arguments about the magistrate judge and Covell. Roberts also filed a motion declining the magistrate judge's jurisdiction and requesting that the case be immediately assigned to a district court judge. He also stated that he never received notice of the assignment of his case to a magistrate judge, as required by Fed. R. Civ. P. 73(b)(1). Roberts reiterated these arguments in another filing.

Ultimately, the district court adopted and affirmed the November 2022 R&R. In its order, the court addressed Roberts's objections and other filings, finding that, construed liberally, they were subject to summary dismissal due to their frivolity. As to Roberts's other filings, the court found that they lacked any basis in law or fact. Thus, the court overruled Roberts's objections, granted Freedom Mortgage's motion to dismiss, and dismissed Roberts's complaint with prejudice. Roberts's appeal followed.

## II.    ANALYSIS

We hold *pro se* pleadings to a less stringent standard and liberally construe them. *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Nevertheless, courts should not serve as a *pro se* party's counsel or rewrite a deficient pleading to sustain an action. *Id.* at 1168-69. *Pro se* litigants must comply with the applicable procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Additionally, a *pro se* party abandons an issue by failing to challenge it on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). A party abandons a claim when he presents his argument in "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "[S]imply stating that an issue exists," without providing reasoning and citation to authority that the appellant relies on, "constitutes abandonment of that issue." *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009).

Under § 636(b)(1)(A), a district court may designate a magistrate judge to hear and determine any pretrial matter, except a dispositive motion. 28 U.S.C. § 636(b)(1)(A). Further, a district court may designate a magistrate judge to make a recommendation for the disposition of a case. *Id.* § 636(b)(1)(B). A magistrate judge also "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" upon consent of the parties. *Id.* § 636(c)(1); *see also* Fed. R. Civ. P. 73(a) (explaining that a magistrate judge may conduct civil actions or proceedings, including a trial, if all parties consent in the manner outlined by the Rule). The U.S. Supreme Court has explained that, while a magistrate judge is not an Article III judge, "a district court may refer dispositive motions to a magistrate for a recommendation so long as 'the entire process takes place under the district court's total control and jurisdiction,' and the judge 'exercise[s] the ultimate authority to issue an appropriate order.'" *Thomas v. Arn*, 474 U.S. 140, 153 (1985) (brackets in original) (quoting *United States v. Raddatz*, 447 U.S. 667, 681-82 (1980)).

Importantly, a party who fails to object to a magistrate judge's findings or recommendations contained in a R&R "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1. However, we still may review an unobjected-to issue on appeal "for plain error if necessary in the interests of justice." *Id.*

"Rule 3-1 bars an appeal *only* when the party who failed to object was informed of the time period for objecting and the consequences on appeal for failing to do so." *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1181, 1191 (11th Cir. 2020) (emphasis in original) (internal quotation marks omitted) (quoting *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017), *abrogated on other grounds by Bostock v. Clayton Cnty.*, 140 S. Ct. 1731 (2020)). If we determine that the interests of justice necessitate us to review an unobjected-to error in a R&R, we will then "apply the heightened civil plain error standard." *Roy v. Ivy*, 53 F.4th 1338, 1351 (11th Cir. 2022). Under such standard, "we will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Id.* (internal quotation marks omitted) (quoting *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1352 (11th Cir. 2017)).

On appeal, Roberts makes no arguments challenging the actual dismissal of his amended complaint. As a result, he has waived and abandoned any challenge to the dismissal. *See* 11th Cir. R. 3-1;

*Harrigan*, 977 F.3d at 1191; *Timson*, 518 F.3d at 874. He failed to object to the November 2022 R&R's findings related to the merits of Counts 1 through 7, and he failed to make any appellate arguments on based on the same. Moreover, there is no indication that the interests of justice would be served upon this Court conducting a plain error review of the dismissal. *Roy*, 53 F.4th at 1351. Thus, we decline to review the district court's decision to dismiss Roberts's amended complaint with prejudice.

Instead, on appeal Roberts continues to challenge the magistrate judge's authority to rule on non-dispositive motions and Freedom Mortgage's counsel's ability to practice law in the state of Georgia on the company's behalf. Because he raised these issues in his objections to the November 2022 R&R and in his brief, the arguments are properly before us. Nevertheless, his contentions are meritless. To Roberts's challenges against the magistrate judge's authority, the magistrate judge appropriately ruled on non-dispositive motions and made a recommendation on Freedom Mortgage's motion to dismiss in accordance with § 636(b). While Roberts challenges the fact that he did not consent to the magistrate judge under Rule 73, such consent was not necessary in this instance, because the magistrate judge was not ruling on dispositive motions or resolving the case in its entirety. Moreover, the district court always retained jurisdiction and control over the case and its ultimate authority to issue an appropriate order resolving the case. *Thomas*, 474 U.S. at 153. Finally, Roberts challenges to Covell's work on the case are frivolous, for Covell is a member of good

standing with the State Bar of Georgia and is authorized to practice law before the district court and this Court on behalf of his clients.

### III.    CONCLUSION

For the reasons set forth herein, we **AFFIRM** the district court's dismissal with prejudice of Roberts's amended complaint.